PARKER WHEDON v. JEANNETTE C. WHEDON

No. 354PA84

(Filed 2 April 1985)

1. **Divorce and Alimony § 20.3— dismissal of request for appellate attorney's fees without prejudice**

    In a divorce action in which defendant sought to recover attorney's fees for a previous appeal and for her current action to hold plaintiff in contempt, the Court of Appeals erred by assuming that the trial court intended a finding of fact that there was no evidence of defendant's present financial status to provide a basis for an involuntary dismissal without prejudice for insufficient evidence for both the appellate counsel fees and the motion hearing counsel fees. The trial court's only finding of fact relative to the defendant's financial status spoke in terms of her "present" condition and the record contained almost no evidence of her status during the current proceedings, but contained a significant amount of evidence as to her financial status during the initial trial and some evidence of her status during the appeal. Therefore, the trial court intended to rule on the merits only with respect to counsel fees claimed for services rendered in the current action.

2. **Rules of Civil Procedure § 41.2— involuntary dismissal without prejudice — discretion of trial court**

    The authority to order an involuntary dismissal without prejudice is exercised in the broad discretion of the trial court. There was no abuse of discretion in dismissing defendant's motion for appellate counsel fees without prejudice where the evidence supported the inference that the trial judge determined that defendant had a meritorious claim but had simply and excusably failed to bring forth the necessary evidence at the motion hearing. G.S. 1A-1, Rule 41(b).

    Justice VAUGHN did not participate in the consideration or decision of this case.

ON discretionary review of a decision of the Court of Appeals reported at 68 N.C. App. 191, 314 S.E. 2d 794 (1984), modifying and affirming an order entered 25 January 1983, by *Todd, J.*, dismissing defendant's motions to hold the plaintiff in contempt and for counsel fees, and granting defendant's motion to amend a

prior alimony award. Heard in the Supreme Court 11 December 1984.

This action was instituted on 20 November 1980 by the filing of a complaint for absolute divorce based upon one year's separation between the plaintiff husband and the defendant wife. In his complaint, plaintiff admitted (1) that he had abandoned defendant "within the meaning of that term as set out in N.C.G.S. § 50-16.2 (4) without fault or provocation on her part"; (2) that she was the dependent spouse and he was the supporting spouse "within the meaning of those terms as set out in N.C.G.S. § 50-16.1(3) and (4)"; and (3) that she was entitled to be awarded permanent alimony.

A hearing was held to determine the amount of defendant's alimony award, and a separate hearing was held to determine the amount of defendant's counsel fee award. Following the hearings, Judge Saunders made the appropriate findings of fact, conclusions of law and entered a judgment and supplemental order granting defendant permanent alimony and counsel fees. Upon plaintiff's appeal, the alimony award was vacated in part and remanded for modification; however, the trial court's judgment and order were otherwise affirmed as to the alimony award and the counsel fee award. *Whedon v. Whedon*, 58 N.C. App. 524, 294 S.E. 2d 29, *disc. rev. denied*, 306 N.C. 752, 295 S.E. 2d 764 (1982). (Hereafter "*Whedon I*".)

On 15 October 1982, defendant moved for (1) an order holding plaintiff in willful contempt for failure to pay alimony; (2) an amendment of the previous alimony award in view of the Court of Appeals' opinion in *Whedon I*; (3) for counsel fees to be awarded her counsel during the previous appeal process; and (4) for counsel fees in the preparation, filing and hearing of the motions. A show cause order was entered on 2 November 1982, directing the plaintiff to appear before the judge presiding over the 22 November 1982 Civil Session of District Court, Mecklenburg County.

In her verified motion, defendant alleged that her attorney had spent 115.25 hours in representing her during the appellate process, that the trial court had initially found that she had insufficient funds with which to hire counsel, and that she "clearly has not had the funds to hire counsel during the course of the appellate process." During the hearing on defendant's motion, both the defendant and her attorney testified. At the close of defend-

ant's evidence, the plaintiff moved to dismiss the defendant's motion for contempt and counsel fees pursuant to N.C.G.S. § 1A-1, Rule 41(b), on the grounds that defendant had failed to produce sufficient evidence to entitle her to the relief requested. Judge Todd granted the plaintiff's motion for an involuntary dismissal. The plaintiff presented no evidence.

On 25 January 1983, an order was entered providing that (1) defendant's motion that plaintiff be adjudged in willful contempt be dismissed; (2) defendant's motion for counsel fees for the preparation of the contempt and amendment motion be dismissed; (3) defendant's motion for counsel fees during the appellate process be denied without prejudice; and (4) defendant's motion to amend the previous alimony award be granted.

Plaintiff appealed from the trial court's judgment to the Court of Appeals. In *Whedon v. Whedon*, 68 N.C. App. 191, 314 S.E. 2d 794 (1984) (hereafter "*Whedon II*"), that court held *inter alia* that the trial court erred in dismissing the defendant's request for appellate counsel fees without prejudice. On 30 August 1984, we granted the defendant's petition for discretionary review for the limited purpose of reviewing the question of "whether the trial judge properly dismissed the motion for counsel fees without prejudice."

*Cannon & Basinger, P.A., by A. Marshall Basinger, II, for the defendant-appellant.*

*Kennedy, Covington, Lobdell & Hickman, by Richard D. Stephens for the plaintiff-appellee.*

MEYER, Justice.

The question presented for review is whether the Court of Appeals erred in holding that the trial court could not grant an involuntary dismissal without prejudice against the nonmoving party pursuant to N.C.G.S. § 1A-1, Rule 41(b), midway through a hearing to determine an award of counsel fees under N.C.G.S. § 50-16.4. For the reasons set forth below, we hold that (1) the Court of Appeals erred in its determination that the trial court must make a ruling on the merits of a party's request for attorneys' fees when presented with a motion for an involuntary dismissal at mid-trial; (2) the authority to determine whether the

nonmoving party in any action should be permitted to commence a new action has been vested in the trial judge under N.C.G.S. § 1A-1, Rule 41(b); and (3) the exercise of that power lies within the trial court's sound discretion and will not be disturbed on appeal in the absence of a showing of abuse of discretion, which the plaintiff has not demonstrated in this case.

[1] In addressing the plaintiff's contention that the trial court erred by dismissing the defendant's request for appellate attorneys' fees without prejudice, the Court of Appeals stated that although the language of Rule 41(b) would *appear* to permit an involuntary dismissal without prejudice of a motion for counsel fees under N.C.G.S. § 50-16.4, this would not be a proper application of the rule. Rather, the court reasoned, "that it was the trial court's *duty*, when presented with plaintiff's motion for an involuntary dismissal of defendant's requests for attorneys' fees, *to examine the quality of defendant's evidence and make a ruling on the merits.*" *Whedon v. Whedon*, 68 N.C. App. at 195, 314 S.E. 2d at 797.

It is evident from a reading of the opinion in *Whedon II* that the Court of Appeals based its holding upon its assumption that the trial court had *in fact* examined the "quality of defendant's evidence," found it to be insufficient to support her motion for counsel fees, and had made a "ruling on the merits" in the plaintiff's favor such that "the additional language in the order indicating that the motion for appellate attorneys' fees was dismissed without prejudice was without legal effect and must be regarded as mere surplusage." 68 N.C. App. at 195, 314 S.E. 2d at 797.

Our examination of the record fails to support this view of the trial court's actions. More importantly, we find no support for the appellate court's interpretation of the scope of the trial judge's authority under Rule 41(b) in either the language of the rule itself, or in any of the relevant authorities addressing motions for involuntary dismissal made pursuant thereto.

I.

With regard to whether the trial court necessarily determined the facts in the course of ruling on plaintiff's Rule 41(b) motion, we find it significant that the defendant had requested the award of reasonable attorneys' fees for *both* representation during the appellate process in *Whedon I* and for representation during the contempt hearing in *Whedon II*, and that the amount of

Whedon v. Whedon

evidence presented differed with respect to the two separate claims. With regard to both requests, defendant's verified motion contains the following allegations:

> The defendant alleges that the fair and reasonable value of said [appellate attorney] services is not less than $17,790.00, *which the plaintiff should be ordered to pay inasmuch as the trial court did find as a fact that the defendant had no funds with which to hire counsel during the course of the trial, and she clearly has not had the funds to hire counsel during the course of the appellate process.* The defendant further respectfully submits that the appeal involved several important issues, requiring a great deal of research and preparation in order to achieve the affirmative rulings by the appellate courts.

> \* \* \*

> The defendant further alleges that *she continues to be without funds with which to pay the expenses incurred as a result of the preparation, filing and hearing of this motion,* and should be awarded additional attorney's fees for her attorney through the course of hearing this Motion. (Emphasis added.)

The "findings" of the trial court to which defendant referred in her verified motion were those findings of fact made by Judge Saunders at the initial alimony trial in February 1981. The relevant findings concerning the parties' finances and the defendant's entitlement to counsel fees are as follows:

> 5. The plaintiff, in his verified complaint, has alleged, and the court does find as a fact, that the plaintiff actually abandoned the defendant on or about August 11, 1978, without any fault or provocation on the defendant's part, within the meaning of that term as set forth in N.C.G.S. § 50-16.2(4).

> 6. The plaintiff in his verified complaint, alleges, and the court does find as a fact, that the defendant is the dependent spouse who is actually substantially dependent upon the plaintiff for her maintenance and support, and the plaintiff is the supporting spouse, capable of providing reasonable support for the defendant, within the meaning of those terms as set forth in N.C.G.S. 50-16.1(3) and (4).

7. The court specifically finds that the defendant has not sufficient means whereon to subsist during the defense of this action and to defray the necessary expenses thereof.

8. The plaintiff is 55 years old and in good health, and has been actively engaged in the practice of law in Mecklenburg County for over twenty years. Further, the plaintiff, a sole practitioner, is in good standing in this community and is honestly engaged in his business and is seeking to operate it at a profit.

                            *    *    *

17. The defendant is 55 years old, in good health, and is the mother of four children, the youngest of whom is now attending North Carolina State University. The defendant is a graduate of the University of Georgia and the School of Education at the University of North Carolina at Chapel Hill.

18. The defendant has not had a job in the business world in over twenty years and has no readily available job skills. In addition, she would be 58 years of age by the time she could renew her teacher's certificate, assuming the successful completion of the necessary college courses.

19. The defendant has no income from any source whatsoever.

                            *    *    *

26. The plaintiff has the present ability to pay attorneys fees to the defendant's attorneys for representing her in this action.

Based upon these findings, Judge Saunders concluded that:

The defendant has not sufficient means whereupon to subsist during the defense of this action, and to defray the necessary expenses thereof, and the Court therefore concludes that the defendant is entitled to an award of attorneys' fees pursuant to N.C.G.S. § 50-16.4.[1]

---

1. N.C.G.S. § 50-16.4, governing counsel fees in actions for alimony, provides: At any time that a dependent spouse would be entitled to alimony pendente lite, pursuant to G.S. 50-16.3, the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony.

The trial court's award of counsel fees to the defendant's attorneys was affirmed by the Court of Appeals in *Whedon I.*

At the November 1982 hearing before Judge Todd, in addition to presenting the record of *Whedon I* and her verified motion, defendant testified that she had to borrow the money she used to defray her counsel fees during the appellate process in *Whedon I* from her mother. Defendant also offered evidence by her attorney as to the time he spent in representing defendant during the appellate process, and her attorney was extensively cross-examined by plaintiff's attorney as to the nature and value of the services rendered.

Since the plaintiff's initial pleadings were filed in 1980, he has filed no additional pleadings in this action, with the exception of his two appeals to the Court of Appeals. During the course of the hearing in question, plaintiff presented no evidence.

At the close of defendant's evidence, the plaintiff moved to dismiss defendant's motion on the ground that defendant's evidence was insufficient to support any of the relief she requested. With regard to counsel fees in particular, plaintiff argued that this was a "new application" for counsel fees, and as such, the burden was on the defendant to show the reasonable value of the services rendered, to show that she presently has insufficient means and ability to defray those expenses and to demonstrate that plaintiff can pay or afford those expenses. Plaintiff made the identical argument regarding both the appellate counsel fees for *Whedon I* and the motion hearing fees for *Whedon II.* After discussion with counsel, the trial court made the following ruling:

THE COURT: As to the portions of the defendant's motion for attorneys fees on the Appellate level and during this contempt proceeding and all the times we made up and in-

N.C.G.S. § 50-16.3, governing grounds for alimony pendente lite provides: (a) A dependent spouse who is a party to an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce, shall be entitled to an order for alimony pendente lite when: (1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and (2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof. (b) The determination of the amount and the payment of alimony pendente lite shall be in the same manner as alimony, except that the same shall be limited to the pendency of the suit in which the application is made.

cluding this time today, *it is the judgment of this Court there is insufficient evidence at this time that has been presented to make a ruling on the issue of attorneys fees at both the Appellate level and at this contempt proceeding, and I am therefore dismissing those motions. However, that will be without prejudice to the defendant* and the plaintiff would like to object and except to that ruling. (Emphasis added.)

In the order entered on 25 January 1983, the trial court made a number of findings of fact with regard to the number of hours spent by defendant's attorneys during the appeal in *Whedon I* and in preparation for the hearing in *Whedon II*; the hourly rate defendant's attorney A. Marshall Basinger charged for such appellate work; and the value of the consulting services provided by defendant's attorney William E. Poe throughout the appellate process. No findings of fact were made with respect to the value of the services rendered by these attorneys with regard to the preparations in *Whedon II*.

The trial court made only one finding of fact with regard to the financial status of the defendant.

15. That there was no evidence presented with regard to the *present financial status* of the defendant, particularly with reference to whether the defendant had sufficient means whereon to subsist *during the prosecution or defense of this suit and to defray the necessary expenses thereof.* (Emphasis added.)

Based upon these findings of fact, the court concluded as a matter of law:

2) That the defendant's motion for the award of a reasonable counsel fee for the preparation, filing and hearing of this motion should be denied and dismissed.

3) That defendant's motion for an award of counsel fees to A. Marshall Basinger and William E. Poe for representing the defendant during the appellate process should be denied and dismissed without prejudice.

The Court of Appeals apparently *assumed* that Finding of Fact No. 15 provided the basis for an involuntary dismissal *with prejudice* on the ground of the insufficiency of the evidence as to both the appellate counsel fees request and the motion hearing counsel fees. We do not agree.

An application for counsel fees may be heard orally without a jury by a judge of the District Court at any time upon affidavit, verified pleadings, or other proof. *See* N.C.G.S. § 50-16.8(f) and (g). *See* 2 Lee, North Carolina Family Law § 145, p. 206 (1980). "In order to receive an award of counsel fees in an alimony case, it must be determined that the spouse is entitled to the relief demanded; that the spouse is a dependent spouse; and that the dependent spouse is without sufficient means whereon to subsist during the prosecution of the suit, and defray the necessary expenses thereof." *Clark v. Clark*, 301 N.C. 123, 135-36, 271 S.E. 2d 58, 67 (1980). "[A]n award of attorney's fees for services performed on appeal should ordinarily be granted, provided the general statutory requirements for such award are duly met, especially where the appeal is taken by the supporting spouse." *Fungaroli v. Fungaroli*, 53 N.C. App. 270, 273, 280 S.E. 2d 787, 790 (1981). *See also* 24 Am. Jur. 2d, Divorce and Separation § 600 (1983). In making its determination of the proper amount of counsel fees which are to be awarded a dependent spouse as litigant or appellant the trial court is under an obligation to conduct a broad inquiry considering as relevant factors the nature and worth of the services rendered, the magnitude of the task imposed upon counsel, and reasonable consideration for the parties' respective conditions and financial circumstances. *See Clark v. Clark*, 301 N.C. 123, 271 S.E. 2d 58; *Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975).

With regard to appellate attorneys' fees, the record in this case consisted of the verified pleadings by the plaintiff and the defendant, extensive findings of fact and conclusions of law by the trial judge who presided over the initial alimony trial and the evidence presented by defendant at the motion hearing, which established the number of hours spent and rate charged by her appellate counsel and the fact that defendant had to borrow money from her mother to defray the expenses of that appeal. In contrast, the record is nearly devoid of evidence regarding the defendant's then present financial condition during the pendency of *Whedon II*.

Given the fact that the trial court's only finding of fact relative to the defendant's financial status spoke in terms of her "present" financial condition and the fact that the record contained almost no evidence of that status during the proceedings in

*Whedon II*, but did contain a significant amount of evidence as to her financial status during the initial trial, together with some evidence of her financial status during the pendency of the appeal in *Whedon I*, we may infer that Finding of Fact No. 15 did not relate to defendant's ability or inability to produce evidence to support her request for appellate counsel fees in *Whedon I*.

Moreover, given the disparities of proof in the record regarding the two requests for counsel fees and the disparate treatment afforded the requests in the trial court's order of dismissal, we conclude that the court intended to rule "on the merits" only with respect to counsel fees claimed for services rendered in *Whedon II*. Therefore, we disagree with the Court of Appeals' determination that the dismissal of the appellate counsel fees motion with respect to *Whedon I* was *necessarily* "on the merits" despite the trial court's express ruling that the dismissal was "without prejudice."

## II.

[2]  The question which remains, however, is whether the trial court may grant the plaintiff's motion for an involuntary dismissal at the close of defendant's evidence on the ground that upon the facts and the law the nonmoving party has shown no right to relief and specify that the dismissal is without prejudice. The question thus presented is one of first impression under Rule 41(b), and the rule's language itself offers no definitive answer. N.C.G.S. § 1A-1, Rule 41(b) states:

> (b) *Involuntary dismissal; effect thereof.*—For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him. *After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff the court shall make findings as provided in*

*Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a necessary party, *operates as an adjudication upon the merits.* If the court specifies that the dismissal of an action commenced within the time prescribed therefor, or any claim therein, is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal. (Emphasis added.)

Ordinarily, an involuntary dismissal under Rule 41(b) operates as an adjudication upon the merits and ends the lawsuit. *Barnes v. McGee,* 21 N.C. App. 287, 204 S.E. 2d 203 (1974). The rule itself sets forth specific exceptions to this proposition, none of which are relevant to the case *sub judice,* and as to these grounds, an order of involuntary dismissal is not rendered on the merits and may not constitute a dismissal with prejudice. *Carding Developments v. Gunter & Cooke,* 12 N.C. App. 448, 183 S.E. 2d 834 (1971). *See generally,* W. Shuford, N.C. Civil Practice and Procedure (2nd Ed.), § 41-8. However, the major exception to the general proposition that an involuntary dismissal operates as a final adjudication is found in the power lodged by Rule 41(b) in the trial judge to specifically order that the dismissal is without prejudice and, therefore, not an adjudication on the merits. *Id.* at 329.

Here, in response to the plaintiff's motion, the trial court, in the words of Rule 41(b), "otherwise specified" that the dismissal was not to operate "as an adjudication upon the merits" by stating that the dismissal was "without prejudice." The Court of Appeals, citing no supporting authority, held that this was in error because it is the trial court's "duty" to determine the facts and render a judgment on the merits whenever presented with a motion for involuntary dismissal challenging the sufficiency of the nonmoving party's evidence at the close of that party's presentation. Plaintiff maintains that this is so because any dismissal for failure to present evidence on the ground that upon the facts and the law the nonmoving party has shown no right to relief *automatically* operates as an adjudication on the merits and is therefore not a dismissal which Rule 41(b) authorizes the trial

court to grant without prejudice. Plaintiff argues that this aspect of common law practice was not altered by the enactment of the Rules of Civil Procedure. We disagree.

First, with regard to the trial court's "duty" upon motion for involuntary dismissal at mid-trial, we find no clear indication in the language of the Rule itself that the court *must* then determine the facts and render a judgment against the nonmoving party *if* the court decides to grant the motion without waiting for the moving party to present his evidence. To the contrary, the express language of the Rule in this regard is permissive, rather than mandatory, providing that upon such motion, the trial court "as trier of facts *may* then determine them and render judgment against the plaintiff." Although the Rule does not expressly provide the option for the court to examine the quality of the nonmoving party's evidence and then decline to make a ruling on the merits although granting the motion for involuntary dismissal, we find this authority to be encompassed within the Rule's otherwise unqualified grant of authority to the trial court to dismiss an action on terms by specifying that its order of dismissal is "without prejudice."

In pertinent part, the Official Comment to Rule 41(b) as originally enacted and as to the 1969 amendment states:

> In an action tried by the court without a jury, the rule provides for a motion similar to the familiar motion for compulsory nonsuit under former § 1-183. It is contemplated that where there is a jury trial, Rule 50 will come into play with its motion for a directed verdict. . . . *The practice under section (b) will be much like that under former § 1-183. but there are some changes. The court is empowered to determine that its adjudication shall be on the merits and to find the facts in appropriate cases at the close of the plaintiff's evidence.*

> \*    \*    \*

> Section 41(b) has been rewritten, in conformity with the present federal rule, . . .

> *A second objective in the rewriting of section 41(b) was to make clear that the court's power to dismiss on terms, that is, to condition the dismissal* ("Unless the court in its

order for dismissal otherwise specifies, . . .") *extends to all dismissals other than voluntary dismissals under section 41(a)*. Thus, if there were a motion to dismiss under Rule 37(b)(2)(iii) for failure to comply with a discovery order, the court, under the amended version of Rule 41(b), could in granting the motion specify that the dismissal was without prejudice. (Emphasis added.)

The primary change in practice engendered by Rule 41(b) has been described as follows:

> One of the more far-reaching changes in North Carolina civil trial practice effected by the rules is found in the method for testing the sufficiency of evidence. Rule 41(b) deals with an involuntary dismissal in an action tried by the court without a jury, while Rule 50 covers the motion for a directed verdict in a jury trial. *Perhaps the most significant change lies in the fact that a dismissal for insufficiency operates as an adjudication on the merits unless the court specifies otherwise. Under previous law, a compulsory nonsuit allowed the plaintiff to have an automatic second chance on his claim.* Too often this right resulted in the unnecessary crowding of court dockets and harassing of defendants with claims that did not deserve a second chance. *Rule 41(b) allows the court to dispose of such a claim in final fashion, while at the same time protecting those parties who can demonstrate that they should be afforded another opportunity to produce sufficient evidence.*

W. Shuford, N.C. Civil Practice and Procedure, § 41.3.

The same writer offers these further observations on the effect of an involuntary dismissal under Rule 41(b):

> The major exception to the general proposition that an involuntary dismissal operates as a final adjudication is found in the power lodged by Rule 41(b) in the trial judge to specifically order that the dismissal is without prejudice and, therefore, not an adjudication on the merits. Unless the order dismissing the action states specifically to the contrary, the dismissal under Rule 41(b) does constitute an adjudication on the merits. It is, therefore, the burden of the party whose claim is being dismissed to convince the court that he de-

> serves a second chance, and he should formally move the
> court that the dismissal be without prejudice. . . .

*Id.* at § 41-8. *See also* Phillips, 1970 Supplement to 1 McIntosh,
North Carolina Practice and Procedure, § 1375 (the trial judge is
empowered to dismiss without prejudice and on any conditions re-
quired to protect both parties where, for example, the plaintiff's
proof may be insufficient for excusable reasons which might be
removed on a re-trial).

The authority to determine in which cases it is appropriate
to allow the nonmovant to commence a new action has been vest-
ed by N.C.G.S. § 1A-1, Rule 41(b) in the trial judge and is no
longer strictly controlled by statute as it was under former rules
of practice. *Gower v. Aetna Insurance Company*, 13 N.C. App.
368, 185 S.E. 2d 722, *aff'd*, 281 N.C. 577, 189 S.E. 2d 165 (1972).

This Court, in interpreting the portion of Rule 41 governing
voluntary dismissals by order of the trial judge, upheld the trial
judge's discretionary authority in dismissing a Rule 41(a)(2) mo-
tion without prejudice in *King v. Lee*, 279 N.C. 100, 181 S.E. 2d
400 (1971). There we stated: "The obvious purpose of Rule 41(a)(2)
is to permit a Superior Court judge in the exercise of his discre-
tion to dismiss an action without prejudice if in his opinion an
adverse judgment with prejudice would defeat justice." *Id.* at 107,
181 S.E. 2d at 404. We find the same discretionary authority to be
contained in subsection (b) of Rule 41. The trial court's authority
to order an involuntary dismissal without prejudice is therefore
exercised in the broad discretion of the trial court and the ruling
will not be disturbed on appeal in the absence of a showing of
abuse of discretion. *Lewis v. Pigott*, 16 N.C. App. 395, 192 S.E. 2d
128 (1972). *See also Safeway Stores v. Fannan*, 308 F. 2d 94 (9th
Cir. 1962). *See generally*, W. Shuford, *supra* at § 41-8; 5 J. Moore,
Moore's Federal Practice, § 41.14 (1984). Accordingly, the only re-
maining issue raised by the plaintiff's assignment of error in this
case was whether or not the trial court abused its discretion in
dismissing the defendant's motion for counsel fees without preju-
dice.

### III.

We find no abuse of discretion on the part of the trial judge
in dismissing the defendant's motion for appellate counsel fees

without prejudice to her right to commence a new action under N.C.G.S. § 50-16.4. The record before Judge Todd when faced with plaintiff's Rule 41(b) motion consisted not only of the evidence presented during the hearing in *Whedon II*, but also consisted of the order entered by Judge Saunders which awarded counsel fees to the defendant's attorneys for their work at the trial proceedings in *Whedon I*. This initial order, upheld during the appeal of *Whedon I*, contained extensive findings of fact detailing the defendant's dependent financial condition, her inability to defray the expenses of the trial proceedings and indicating the unlikelihood of a significant change in her earning capacity in the future, given her age and educational background. The evidentiary predicate of this order, together with the testimony of the defendant during the December 1982 hearing, supports the inference that Judge Todd determined that the defendant indeed had a meritorious claim for appellate counsel fees under N.C.G.S. § 50-16.4, but had simply and excusably failed to bring forth the necessary evidence at the motion hearing, rather than upon the determination that defendant's request was substantively and incurably defective. This is precisely the situation that Rule 41(b) was intended to cover.

In construing the operative effect of the federal equivalent of N.C.G.S. § 1A-1, Rule 41(b), Moore's Federal Practice states:

> The general structure of the provision of Rule 41(b) governing the operative effect of an order for dismissal gives the district court, which is familiar with the case, needed discretion in framing its order of dismissal, while avoiding, in most, although not all, cases, any need for speculation as to the intent of the court and the effect of its dismissal order, where the order fails to indicate whether or not it is with prejudice.

> *This discretion in framing the dismissal order is needed, subject to direct appellate review for abuse, where the dismissal is without consideration of the merits.*

> *Discretion is also needed in cases where there is a consideration of the merits, but the plaintiff fails to prove his claim. The court can dismiss without prejudice when it believes that the plaintiff has a meritorious claim, but his proof varies from his pleadings to such an extent that the defend-*

*ant would be actually prejudiced by an amendment and a continuance of the case, or plaintiff's proof is lacking in some detail, and the court is unwilling to grant a continuance but does feel that he should have an opportunity of commencing another action.* Since a dismissal with prejudice is a harsh sanction, such a dismissal is warranted only in extreme circumstances, and only after the trial court has considered a wide range of lesser sanctions. (Emphasis added.)

5 Moore, Moore's Federal Practice, § 41.14.

In summary, we hold that the trial court's dismissal without prejudice of the defendant's appellate counsel fees motion was not an adjudication upon the merits of that claim and that the trial court acted within its discretion under Rule 41(b) in deciding that the defendant should have the opportunity to file another motion for counsel fees under N.C.G.S. § 50-16.4. Accordingly, the decision of the Court of Appeals is reversed insofar as it modified the judgment of the trial court as to the appellate counsel fees.

Reversed.

Justice VAUGHN did not participate in the consideration or decision of this case.