MILDRED IRENE CLINE v. HENRY E. TEICH, Guardian for HAZEL J. CLINE

No. 8828DC514

(Filed 20 December 1988)

1. **Husband and Wife § 1— husband incompetent—wife's action for support**

  The trial court erred by granting defendant's motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) of an action in which plaintiff sought an award of support from her incompetent husband's estate and permission to live rent free in his home. In the limited instance in which an incompetent's estate is ample to provide for his own care and maintenance, an award of spousal support may properly be charged against the estate.

2. **Insane Persons § 6— incompetent husband—action for support by wife—jurisdiction in superior court**

  An action by a wife seeking support from her incompetent husband's estate should have been dismissed under N.C.G.S. § 1A-1, Rule 12(b)(1) for lack of subject matter jurisdiction where the action was filed in district court. superior court is the only proper division to hear matters regarding the administration of incompetents' estates.

APPEAL by plaintiff from *Earl J. Fowler, Jr., Judge.* Order entered 4 April 1988 in District Court, BUNCOMBE County. Heard in the Court of Appeals 27 October 1988.

*Winner & Heck, by Dennis J. Winner, for plaintiff-appellant.*

*Grimes & Teich, by Henry E. Teich, for defendant-appellees.*

BECTON, Judge.

Plaintiff, Mildred Cline, brought this action in district court seeking an award of support from her incompetent husband's estate and permission to live rent-free in his home. She appeals from an order dismissing her Complaint for failure to state a claim.

I

Mildred and Hazel Cline were married 2 May 1986. They lived together in Mr. Cline's home until 21 November 1987, when a medical condition left him permanently brain damaged. Mr. Cline was institutionalized as a result, and defendant Henry Teich was appointed his guardian. Teich refused to provide funds from the estate for Mrs. Cline's support, informing her of his belief that, as guardian, he was not authorized by law to do so.

Mildred Cline brought an action against Teich, alleging in the Complaint that she had been supported by her husband until his incompetency, that she now needs reasonable support from his estate, and that the estate is sufficient both to support her in the manner she enjoyed before her husband's incompetency and to permit her to live in her husband's house without paying rent to the guardian.

In his Answer, Teich admitted that Mr. Cline's estate includes certain income-producing property and that Mrs. Cline is in need of support. A premarital agreement entered into by the Clines was raised as a defense, however, and Teich moved to dismiss the Complaint under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The trial judge granted the motion to dismiss.

We decline to address on appeal whether the premarital agreement precludes Mrs. Cline from reaching her husband's

estate for support since that question is not appropriate to our disposition of this case.

Two questions remain for our decision in this appeal. The first is whether Mrs. Cline's Complaint states a claim upon which relief can be granted. If the Complaint states a valid claim, the second question is whether that claim may properly be brought in district court. Although we conclude that the Complaint states a claim for relief, we nonetheless hold that the Complaint should have been dismissed for lack of subject matter jurisdiction because it prayed for relief not available in district court. Accordingly, we vacate the judgment of the district court.

## II

A. *Rule 12(b)(6) Standard*

[1]    A motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure tests the legal sufficiency of a complaint. *See Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E. 2d 611, 615 (1979). A complaint must state the substantive elements of some "legally recognized claim" to withstand a motion to dismiss. *Id.* at 204, 254 S.E. 2d at 626. In ruling on the motion, all factual allegations in the complaint are taken to be true. *See Jackson v. Bumgardner*, 318 N.C. 172, 174-75, 347 S.E. 2d 743, 745 (1986).

> Dismissal of a complaint under Rule 12(b)(6) is proper [only] when one of the following three conditions is satisfied: (1) when the complaint on its face reveals that *no law supports plaintiff's claim;* (2) when the complaint on its face reveals the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim.

*Jackson*, 318 N.C. at 174-75, 347 S.E. 2d at 745 (emphasis added) (citations omitted).

Teich maintains that Mrs. Cline stated no legally recognized claim for relief because, in his view, the law does not authorize disbursement of funds from an incompetent's estate for spousal support.

B. *Action for Spousal Support is a Legally Recognized Claim*

Although no statutory provisions squarely apply to the present situation, there is ample support in North Carolina law for

the conclusion that spousal support may be an appropriate charge against an incompetent's estate.

The common law duty to provide support to a dependent spouse has long been recognized in this State. *See Ritchie v. White,* 225 N.C. 450, 453, 35 S.E. 2d 414, 416 (1945); *Bowling v. Bowling,* 252 N.C. 527, 533, 114 S.E. 2d 228, 232 (1960); *cf. Williams v. Williams,* 299 N.C. 174, 187, 261 S.E. 2d 849, 858 (1980) (even wealthy spouse may be "dependent spouse" entitled to support). This duty "has been enforced even where the husband was incompetent, . . . [and] where the wife was financially capable of providing for her own needs." *North Carolina Baptist Hospitals, Inc. v. Harris,* 319 N.C. 347, 349, 354 S.E. 2d 471, 472 (1987) (citing *Reynolds v. Reynolds,* 208 N.C. 254, 180 S.E. 2d 70 (1935); *Bowling,* 252 N.C. 527, 114 S.E. 2d 228).

The North Carolina cases on point, though old, remain valid precedent. In *Brooks v. Brooks,* 25 N.C. 389, 391 (3 Ired. 1843), quoted with approval in *Ford v. Security National Bank,* 249 N.C. 141, 143-44, 105 S.E. 2d 421, 423-24 (1958), our Supreme Court stated that "[i]t is true that the wife and children of a lunatic are entitled to maintenance out of the estate, according to their circumstances, after properly providing for the lunatic." Similarly, in *In re Hybart,* 119 N.C. 359, 364, 25 S.E. 963, 966 (1896), the court noted that the law "contemplates giving a wife who lives in the mansion house of her [incompetent] husband the right to remain there . . . ." And in *Reynolds v. Reynolds,* the court held that the wife of an incompetent had the right to receive support from the income of her husband's estate when that income exceeded the cost of caring for him. 208 N.C. 254, 265, 180 S.E. 70, 77 (1935). None of these cases have been overruled by our courts or invalidated by our legislature.

Chapter 35A of the General Statutes, which was recently enacted, governs the administration of incompetents' estates. Chapter 35A contemplates a spousal support obligation. Under Section 35A-1307, an incompetent's spouse who is "in needy circumstances" may bring a special proceeding before the clerk of superior court to sell the incompetent's property and apply the proceeds to support. N.C. Gen. Stat. Sec. 35A-1307 (1987). Presumably, resort to sale of an incompetent's property is necessary only when estate income is insufficient to provide support.

Other statutory provisions implicitly recognize that spousal support is a proper charge against an incompetent's estate, whether or not the spouse is destitute. *See, e.g.,* N.C. Gen. Stat. Sec. 35A-1321 (1987) (implying that incompetent's spouse and children should be supported from the estate: "members of [incompetent's] *family*" must be provided with "all the necessaries and suitable comforts of life" before advancements of surplus income may be made to certain of incompetent's relatives, while advancements of surplus income from estate of childless, *unmarried* incompetent may be made to certain other relatives). *See also* N.C. Gen. Stat. Sec. 34-14.1 (1984) (guardian is authorized to pay veterans' benefits to spouse of incompetent veteran).

In light of the foregoing, we conclude that the duty to provide support to a dependent spouse is a continuing obligation, fairly chargeable to the estate of an incompetent. Therefore, Mrs. Cline's Complaint for support stated a legally recognized claim.

C. *Authority to Disburse Estate Funds for Spousal Support*

The guardian asserts that the relief Mrs. Cline is entitled to, if any, is confined exclusively to the statutory special proceeding for sale of the incompetent's property set out in N.C. Gen. Stat. Sec. 35A-1307. We disagree. In the event that the procedure available under Section 35A-1307 is not appropriate to Mrs. Cline's circumstances, as would be the case, for example, if estate income renders sale of Mr. Cline's property unnecessary or undesirable, or Mrs. Cline is not "needy" as contemplated by the statute, we conclude that she may nonetheless be entitled to relief. This relief may come directly from the guardian, or may be pursued independently in superior court.

In most cases, a guardian is empowered under chapter 35A to make expenditures from an incompetent ward's estate without prior court approval; *prior* approval of expenditures is *necessary* only when the incompetent's property is to be mortgaged or sold, or when the expenditures will be made from estate principal. *See* N.C. Gen. Stat. Secs. 35A-1251(12), (19); 35A-1301; 35A-1306; 35A-1307; 35A-1310; 35A-1311 (1987). Of course, the guardian is always under a fiduciary obligation to manage the estate reasonably, prudently, and in the ward's best interest, *see* N.C. Gen. Stat. Sec. 35A-1251, and in all cases, the guardian's management of the estate will eventually be subject to judicial scrutiny. *See* N.C.

Gen. Stat. Sec. 35A-1260 *et seq.* (1987) (requiring periodic submission of estate accounts for approval by clerk of superior court). If the guardian questions the propriety of a particular charge against the estate, he may seek prior court approval before making payment by filing a motion in the cause with the superior court clerk. *See* N.C. Gen. Stat. Sec. 35A-1207 (1987). Furthermore, "any interested person" — in the case before us, the spouse — may also seek payment of an obligation from an incompetent's estate by filing a motion in the cause under Section 35A-1207. *Id.*

In the final analysis, whether the issue of spousal support comes before the clerk of superior court upon the motion of Teich or of Mrs. Cline under Section 35A-1207, as a special proceeding under Section 35A-1307, or through an account statement submitted by Teich, we conclude that the clerk of superior court — after first ensuring that the estate is ample to meet the expenses of caring for Mr. Cline — has residual equitable power under chapter 35A to examine the facts and circumstances of the case to determine whether Mrs. Cline should be granted support from her husband's estate and the right to continue to live in his home. *See Coxe v. Charles Stores Co.*, 215 N.C. 380, 382-83, 1 S.E. 2d 848, 849 (1939) (superior court's equitable power over wards' estates may extend beyond those powers specifically conferred by statute). Factors the clerk may consider include the size and condition of the estate, the present and future demands against it, and Mrs. Cline's needs. *See generally*, 24 A.L.R. 3d 863 (1969) (Supp. 1988).

The rule we announce is narrow. We do not hold that the estate of an incompetent may be so depleted in favor of a spouse as to compromise the quality of care provided to the incompetent, or to force the incompetent to become a public charge. Rather, we hold that in the limited instance in which an incompetent's estate is ample to provide for his own care and maintenance, an award of spousal support may properly be charged against the estate. Accordingly, we hold that Mrs. Cline stated a claim upon which relief can be granted.

## III

[2]    The motion to dismiss in the present case was directed to a perceived absence of law to support Mrs. Cline's claim for relief.

Cline v. Teich

In arriving at our conclusion that her Complaint stated a legally recognized claim, we additionally decide that the Complaint should have been dismissed under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure for lack of subject matter jurisdiction.

As provided in Rule 12(h)(3) of the Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court [must] dismiss the action." N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 12(h)(3) (1983). The question of subject matter jurisdiction may properly be raised for the first time on appeal, and this court may raise it on its own motion. *Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 421, 248 S.E. 2d 567, 570 (1978), *cert. denied*, 296 N.C. 583, 254 S.E. 2d 32 (1979); *see Jenkins v. Winecoff*, 267 N.C. 639, 641-42, 148 S.E. 2d 577, 578-79 (1966). We hold that the district court was not the proper forum in which to seek spousal support from the estate of an incompetent, and therefore that it had no jurisdiction over the claim.

District court is the proper division for spousal support in the form of *alimony. See* N.C. Gen. Stat. Sec. 7A-244 (Supp. 1987). Mrs. Cline does not seek dissolution of her marriage. Nor does she allege fault by her husband, a prerequisite to alimony even in an action for alimony without divorce. *See* N.C. Gen. Stat. Sec. 50-16.2 (1987). Instead, she seeks support from the estate of an incompetent, relief the district court is without jurisdiction to grant.

The superior court is the only proper division to hear matters regarding the administration of incompetents' estates. *See* N.C. Gen. Stat. Sec. 7A-246 (1986); N.C. Gen. Stat. ch. 35A (1987). Mrs. Cline should have made her demand for support before the clerk of superior court either as a motion in the cause pursuant to Section 35A-1207, which permits "consideration of any matter pertaining to a guardianship," or as a special proceeding for the sale of her husband's property under Section 35A-1307.

Although the practical consequence of dismissal of a complaint under either Rule 12(b)(6) or 12(b)(1) is the same—the case is dismissed—the legal effect is quite different. As this court stated in *Tart v. Walker*, 38 N.C. App. 500, 502, 248 S.E. 2d 736, 737 (1978), "[a] motion to dismiss for lack of subject matter

jurisdiction is not viewed in the same manner as a motion to dismiss for failure to state a claim . . . ." The following comparison of the effect of dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, which are identical to our own rules, is instructive:

> There are two important distinctions between a dismissal pursuant to subdivision b(1) [for lack of subject matter jurisdiction] and one under b(6) for failure to . . . state a claim. First, a *dismissal under b(1) is not on the merits and thus is not given res judicata effect.* Second, the court is not restricted to the face of the pleadings but may review any evidence . . . to resolve factual disputes concerning the existence of jurisdiction to hear the action.

2A Moore's Federal Practice para. 12.07 [2.-1] (1987) (footnotes omitted) (emphasis added). *Accord* Second Restatement of Judgments Sec. 19, comment d (1982) (Supp. 1986).

Rule 41(b) of the North Carolina Rules of Civil Procedure provides the basis for concluding that dismissal under Rule 12(b)(6) is an adjudication on the merits, and therefore that 12(b)(6) dismissal bars subsequent relitigation of the same claim. *See Johnson v. Bollinger*, 86 N.C. App. 1, 8, 356 S.E. 2d 378, 383 (1987). Rule 41(b) provides in relevant part that

> [u]nless the court in its order for dismissal otherwise specifies, a dismissal under this section and *any dismissal* not provided for in this rule, *other than a dismissal for lack of jurisdiction,* for improper venue, or for failure to join a necessary party *operates as an adjudication upon the merits.*

N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 41(b) (1983) (emphasis added).

Because the district court lacked subject matter jurisdiction over the present case, it had no authority to consider whether the Complaint failed to state a claim. Accordingly, we vacate the order dismissing the Complaint for failure to state a claim upon which relief can be granted.

## IV

We hold that Mrs. Cline's Complaint seeking support from her incompetent husband's estate stated a legally recognized claim for relief, but that the claim was asserted in the wrong

forum. We vacate the judgment of the district court, and remand with instructions to enter an order dismissing the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure.

Vacated and remanded.

Judges EAGLES and GREENE concur.