OPHELIA DAWSON v. ALLSTATE INSURANCE COMPANY

No. 9110SC433

(Filed 7 July 1992)

**Rules of Civil Procedure § 41.2 (NCI3d)— failure to state claim— dismissal—adjudication upon merits**

A dismissal of plaintiff's initial complaint for failure to state a claim operated as an adjudication upon the merits in the absence of a contrary specification in the order of dismissal, and the trial court should have allowed defendant's motion to dismiss plaintiff's refiled complaint. N.C.G.S. § 1A-1, Rules 12(b)(6) and 41(b).

**Am Jur 2d, Judgments § 495.**

Judge WYNN concurring.

APPEAL by plaintiff from order entered 27 February 1991 by *Judge Donald W. Stephens* in WAKE County Superior Court. Heard in the Court of Appeals 10 March 1992.

Defendant filed a motion for summary judgment. The trial court granted the motion and dismissed plaintiff's claim. From this judgment plaintiff appeals.

*Nathaniel Currie for plaintiff appellant.*

*Law Offices of Robert E. Smith, by Robert E. Smith, for defendant appellee.*

ARNOLD, Judge.

There is a cross assignment of error which is dispositive of this case. Defendant correctly argues that the trial court erred in denying its motion to dismiss plaintiff's refiled complaint. Plaintiff's initial complaint was dismissed for failure to state a claim. *See* N.C.R. Civ. P. 12(b)(6). "Unless the court in its order for dismissal otherwise specifies," a dismissal for failure to state a claim "operates as an adjudication upon the merits." N.C.R. Civ. P. 41(b). Therefore, we hold defendant's motion to dismiss plaintiff's refiled complaint should have been allowed.

For the reasons stated, judgment is vacated and the matter is remanded for entry of order dismissing the refiled complaint.

Vacated and remanded.

Judge LEWIS concurs.

Judge WYNN concurs with separate opinion.

Judge WYNN concurring.

I agree with the majority's statement of the law but write separately to point out the problematic relationship between N.C.R. Civ. Pro. 12(b)(6) and N.C.R. Civ. Pro. 41(b).

The plaintiff's initial complaint was dismissed for failure to state a claim under N.C.R. Civ. Pro. 12(b)(6). Dismissal under Rule 12(b)(6) is only proper in three instances: "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face that some fact essential to plain-

tiff's claim is missing; and (3) when some fact disclosed in the complaint defeats the plaintiff's claim." *Schloss Outdoor Advertising Co. v. City of Charlotte*, 50 N.C. App. 150, 152, 272 S.E.2d 920, 922 (1980). A motion to dismiss under Rule 12(b)(6) "generally tests the legal sufficiency of the complaint: Has the pleader given notice of such facts as will, if true, support a claim for relief under some legal theory. *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758, *cert. denied*, 317 N.C. 33, 346 S.E.2d 137 (1986).

In *Concrete Service Corp.*, this Court stated that a Rule 12(b)(6) matter does not present the merits, but instead presents a question of whether the merits may be reached. *Id.* at 681, 340 S.E.2d at 758. Nonetheless, even though a 12(b)(6) dismissal does not address the merits of the complaint, it qualifies as an involuntary dismissal under Rule 41(b). *Johnson v. Bollinger*, 86 N.C. App. 1, 356 S.E.2d 378 (1987). And, with certain exceptions, an involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits and ends the lawsuit." *Whedon v. Whedon*, 313 N.C. 200, 210, 328 S.E.2d 437, 443 (1985). It should be noted that the trial judge has the discretion under Rule 41(b) to determine whether or not the dismissal shall operate as an adjudication upon the merits. *Johnson*, 86 N.C. App. at 8, 356 S.E.2d at 383. Thus, unless the trial judge specifies the dismissal for failure to state a claim is dismissed without prejudice, the plaintiff is barred by *res judicata* from refiling the claim and must instead appeal the 12(b)(6) dismissal.

In *Whedon*, our Supreme Court explained the reasons for the rule that an involuntary dismissal operates as an adjudication of the merits as follows:

> Under previous law, a compulsory nonsuit allowed the plaintiff to have an automatic second chance on his claim. Too often this right resulted in the unnecessary crowding of court dockets and harassing of defendants with claims that did not deserve a second chance. Rule 41(b) allows the court to dispose of such a claim in final fashion, while at the same time protecting those parties who can demonstrate that they should be afforded another opportunity to produce sufficient evidence.

*Whedon*, 313 N.C. at 212, 328 S.E.2d at 444 (quoting W. Shuford, *North Carolina Civil Practice and Procedure*, § 41.3). *See also*

*Cline v. Teich*, 92 N.C. App. 257, 264, 374 S.E.2d 462, 466 (1988) (A 12(b)(6) dismissal "bars subsequent relitigation of the same claim.")

Under Fed. R. Civ. P. 12(b)(6), which is essentially identical to the North Carolina rule, a complaint only should be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 84 (1957). The effect of a dismissal under Federal Rule 12(b)(6) is essentially the same as it is under the North Carolina Rule. In *Federated Department Stores, Inc. v. Moite*, 452 U.S. 394, 399, 69 L.Ed.2d 103, 109 (1981), the United States Supreme Court stated that "dismissal for failure to state a claim under . . . [Rule] 12(b)(6) is a 'judgment on the merits.'" The Court explained:

> Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682, 90 L.Ed.2d 939, 943 (1946)).

This conclusion that a 12(b)(6) dismissal acts as *res judicata* has been questioned by legal scholars:

> [I]t is doubtful that Rule 12(b)(6) normally should dispose of more than the question whether a particular statement constitutes a claim for relief. A court that thinks it convenient to test the merits under a preliminary motion should do so by converting the motion to dismiss into one for summary judgment since this is the procedural device specifically designed to test the merits of the claim in advance of trial. Unless this has been done, application of res judicata seems to be a dubious path to follow. Furthermore, there is the possibility that plaintiff may not realize that more than his formal statement of the claim is being contested on a given Rule 12(b)(6) motion and may not prepare himself to defend the substantive merits of his claim. A dismissal followed by the invocation of res judicata would be particularly harsh in this situation. Thus, the court must be especially sensitive to assure

the pleader adequate notice of the nature of the challenge. Moreover, the application of the policy of freely granting leave to amend will avoid prejudice to unwary or unprepared pleaders.

5A Wright & Miller, *Federal Practice and Procedure*, § 1357 (1990). Further, it has been pointed out that since a 12(b)(6) motion is limited to the content of the complaint, holding that a 12(b)(6) dismissal is *res judicata* effectively denies the plaintiff an opportunity to have the merits of his claim heard. *Rambur v. Diehl Lumber Co.*, 394 P.2d 745 (Montana, 1964). Moreover, the determination that the holding that a 12(b)(6) dismissal for failure to state a claim acts as an adjudication on the merits is contrary to the purpose behind notice pleadings which is to resolve controversies on the merits rather than pleading technicalities. *See generally Smith v. City of Charlotte*, 79 N.C. App. 517, 339 S.E.2d 844 (1986).

Notwithstanding the fact that a Rule 12(b)(6) motion does not present the merits, the law is well-settled that in the absence of contrary indication by the trial judge, a Rule 12(b)(6) dismissal operates as an adjudication on the merits under Rule 41(b). Due to this interplay between 12(b)(6) and 41(b), wary parties when confronted with the dismissal of their case under 12(b)(6) should request that the trial judge enter the dismissal without prejudice so that the dismissal does not act as an adjudication on the merits. In most instances, the policy behind the notice theory of our Rules of Civil Procedure would be better implemented by the trial judge granting such a request.