Filed:  June 5, 1996

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

-------

Nos. 96-6112(L)
(CA-94-40-5-CT-F)

-------

Timothy Carness Autry,

Plaintiff - Appellant,

versus

Phyllis B. Woods, et al,

Defendants - Appellees..

-------

O R D E R

-------

The Court amends its opinion filed May 24, 1996, as follows:

On the cover sheet, section 3 -- No. 95-6254 is corrected to read "No. 96-6254."

For the Court - By Direction

/s/ Bert M. Montague

-------

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TIMOTHY CARNESS AUTRY,
Plaintiff-Appellant,

v.

No. 96-6112

PHYLLIS B. WOODS; RICHARD HEATH;
CHARLES G. RAYNOR, SR.,
Defendants-Appellees.

TIMOTHY CARNESS AUTRY,
Plaintiff-Appellant,

v.

No. 96-6254

PHYLLIS B. WOODS; RICHARD HEATH;
CHARLES G. RAYNOR, SR.,
Defendants-Appellees.

TIMOTHY CARNESS AUTRY,
Plaintiff-Appellant,

v.

No. 96-6378

PHYLLIS B. WOODS; RICHARD HEATH;
CHARLES G. RAYNOR, SR.,
Defendants-Appellees.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CA-94-40-5-CT-F)

Submitted: May 16, 1996

Decided: May 24, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy Carness Autry, Appellant Pro Se. Jane Ray Garvey, OFFICE
OF THE ATTORNEY GENERAL OF NORTH CAROLINA,
Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated cases Timothy Autry, a North Carolina
inmate, appeals the orders of the district court dismissing his 42
U.S.C. § 1983 (1988) civil complaint, denying his motion to vacate,
assessing attorney fees, and imposing a prefiling injunction in future
cases. Finding no reversible error, we affirm.

Autry is precluded from pursuing his claims in federal court.[1]
Autry previously litigated these exact same claims against the same
parties in the Superior Court of Greene County, North Carolina.[2] The

_____

[1] See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75 (1984).

[2] Autry v. Woods, No. 95-M-7 (Super. Ct., Greene County N.C., Sept.
14, 1995).

2

state court's dismissal operated as an adjudication on the merits.**3** Because it is important to give full faith and credit to state court judgments, Autry is precluded from raising claims in federal court that he previously raised and had the opportunity to litigate in state court proceedings.**4** Accordingly, we find no error in the district court's dismissal of Autry's § 1983 complaint, or its denial of his motion to vacate.

Regarding the assessment of attorney fees, we find that the district court acted within its discretion in imposing fees because Autry's § 1983 claim was "frivolous, unreasonable, or groundless."**5** We recognize that the assessment of fees against pro se petitioners should be viewed cautiously due to understandable ignorance of subtle legal and/or factual issues,**6** but we consider Autry's suit to be a product designed to defame and harass the Defendants. Under these circumstances, the assessment of costs was proper.

Likewise, the imposition of a prefiling injunction was proper on the facts presented. It is clear that federal courts have the power and constitutional obligation to issue such injunctions where vexatious conduct hinders the court from fulfilling its constitutional duty.**7** Of course, a court imposing such an injunction must be careful not to order conditions that effectively deny access to the courts.**8** We are limited to deciding whether the district court abused its discretion,**9**

---

**3** N.C. GEN. STAT. § 1A-1, Rule 41(b) (1990); <u>Cline v. Teich</u>, 92 N.C. App. 257, 264, 374 S.E.2d 462, 466 (1988); <u>Johnson v. Bollinger</u>, 86 N.C. App. 1, 8-9, 356 S.E.2d 378, 383 (1987).

**4** <u>See</u> 28 U.S.C. § 1738 (1988); <u>Migra</u>, 465 U.S. at 84.

**5** <u>Lotz Realty Co., Inc. v. U.S. Dep't of Hous. and Urban Dev.</u>, 717 F.2d 929, 931 (4th Cir. 1983).

**6** <u>See Hughes v. Rowe</u>, 449 U.S. 5, 15 (1980) (per curiam).

**7** <u>See Procup v. Strickland</u>, 792 F.2d 1069, 1073 (11th Cir. 1986) (in banc); <u>Graham v. Riddle</u>, 554 F.2d 133 (4th Cir. 1977).

**8** <u>Procup</u>, 792 F.2d at 1071; <u>see also In re Green</u>, 669 F.2d 779, 786 (D.C. Cir. 1981) (per curiam).

**9** <u>Procup</u>, 792 F.2d at 1074; <u>Wood v. Santa Barbara Chamber of Commerce</u>, 705 F.2d 1515, 1524 (9th Cir. 1983), <u>cert. denied</u>, 465 U.S. 1081 (1984).

3

and we hold that the injunction was proper. It is clear that Autry's access to the courts is not denied as he can file lawsuits with the leave of court and an accompanying affidavit. This is a permissible condition on his right to access.**10** Furthermore, several factors suggest that the injunction was warranted: Autry has a lengthy history of frivolous lawsuits, often involving the same issues; Autry acted in bad faith by harassing and abusing the Defendants under the guise of litigation; and Autry has caused needless expense and burdens on Defendants, the district court, and this court.**11** Therefore, it is clear that the district court did not abuse its discretion in enjoining Autry.

Accordingly, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented on the record and oral argument would not aid the decisional process.

AFFIRMED

_____

**10** Procup, 792 F.2d at 1072-73.

**11** See Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986), cert. denied, 479 U.S. 1099 (1987).

4