DAVIS LAKE COMMUNITY ASSOCIATION, INC., PLAINTIFF V. WILLIAM FELDMANN AND AUDREY M. OSZUST, DEFENDANTS

No. COA99-640

(Filed 6 June 2000)

### Pleadings— Rule 11 sanctions—frivolous motion

The trial court did not err in assessing $400 in sanctions under N.C.G.S. § 1A-1, Rule 11(a) against defendants' counsel, based on defendants' filing of a frivolous N.C.G.S. § 1A-1, Rule 13(h) motion to join plaintiff's counsel as a party, because defense counsel was essentially attempting to refile the same counterclaims against plaintiff's counsel when those claims had already been dismissed.

Appeal by defendants from order entered 14 January 1999 by Judge David S. Cayer in Mecklenburg County District Court. Heard in the Court of Appeals 13 March 2000.

*Sellers, Hinshaw, Ayers, Dortch, Honeycutt & Lyons, P.A., by John F. Ayers, III and Timothy G. Sellers for plaintiff-appellee.*

*Dean & Gibson, L.L.P., by Rodney Dean, for plaintiff-appellee's counsel.*

*Hewson Lapinel Owens, PA, by H.L. Owens, for defendant-appellants.*

LEWIS, Judge.

The sole issue in this appeal is whether the trial court erred in assessing $400 in sanctions against defendants' counsel for violations of N.C.R. Civ. P. 11(a). We summarily conclude the trial court properly awarded sanctions and thus affirm its order.

**DAVIS LAKE COMMUNITY ASS'N v. FELDMANN**

[138 N.C. App. 322 (2000)]

This action commenced when plaintiff filed a complaint against defendants, seeking unpaid homeowners' assessments. Defendants eventually filed counterclaims against plaintiff and, although never officially made a party, plaintiff's counsel as well. In an order entered 16 October 1998, the trial court dismissed all of defendants' counterclaims (including those asserted against plaintiff's counsel) pursuant to N.C.R. Civ. P. 12(b)(6). Notwithstanding this order, defendants thereafter tried again to assert the same claims against plaintiff's counsel by filing a Rule 13(h) motion to join them as a party. The trial court denied that motion and then imposed sanctions against defense counsel based upon the fact that the counterclaims had already been dismissed and were thus barred by *res judicata*.

Rule 11(a) allows sanctions against attorneys who file pleadings or motions that are, among other things, asserted for an improper purpose or not warranted by existing law. Both grounds apply here. Rule 13(h) permits the joinder of any non-party whose presence is "required for the granting of complete relief in the determination of a counterclaim." Through its Rule 13(h) motion, defense counsel attempted to join plaintiff's counsel as a party. Under the plain wording of the rule, however, a counterclaim must first exist, thereby making joinder necessary. Here there was no such counterclaim, as all counterclaims were dismissed in the court's 16 October 1998 order.

Moreover, although couched in terms of Rule 13(h), defense counsel's motion was essentially an attempt to refile the same counterclaims against plaintiff's counsel that had just been dismissed. Because the trial court did not specify otherwise, its dismissal of those counterclaims pursuant to Rule 12(b)(6) operated as an adjudication on the merits and thus barred defense counsel from reasserting the same counterclaims later. *Dawson v. Allstate Insurance Co.*, 106 N.C. App. 691, 692, 417 S.E.2d 841, 842 (1992). Accordingly, defense counsel's Rule 13(h) motion was completely frivolous and not warranted by existing law, or a valid effort to change it.

The record in this case and the two companion cases filed today involving defense counsel include myriad motions and filings, many of which are unnecessary and/or frivolous. Through these motions and filings, defense counsel has wasted much of our courts' time and resources, all for appeals involving relatively small sums of money. We therefore not only affirm the trial court's imposition of sanctions; we wholeheartedly applaud it.

Affirmed.

Judges JOHN and EDMUNDS concur.