Constr. Managers, Inc. of Goldsboro v. Amory, 2019 NCBC 72.

STATE OF NORTH CAROLINA

COUNTY OF WAYNE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 1359

CONSTRUCTION MANAGERS, INC. OF
GOLDSBORO; CONSTRUCTION
MANAGERS, LLC; ACTS
CONTRACTING, INC.; and ACTS
INVESTMENTS, LLC,

               Plaintiffs,

   v.

KEVIN D. AMORY,

               Defendant

   v.

ACTS CONTRACTING, INC.

               Counterclaim
               Defendant,

    and

SAMMY E. SASSER, ROBERT L.
CRENSHAW, and JUSTIN L. THORN

               Third-Party
               Defendants.

**ORDER AND OPINION ON
THIRD-PARTY DEFENDANTS'
MOTION TO DISMISS AND ACTS
CONTRACTING, INC.'S MOTION
FOR JUDGMENT ON THE
PLEADINGS**

THIS MATTER comes before the Court upon Sammy E. Sasser ("Sasser"), Robert L. Crenshaw ("Crenshaw"), and Justin L. Thorn's ("Thorn") Motion to Dismiss ("Motion to Dismiss", ECF No. 112) (Sasser, Crenshaw, and Thorn are referred to collectively as the "Individual Defendants"), and Plaintiff-Counterclaim Defendant ACTS Contracting, Inc.'s ('ACTSC") Motion for Judgment on the Pleadings. ("Motion for Judgment", ECF No. 118; (collectively, the Motion to Dismiss and Motion for Judgment are "the Motions").)

THE COURT, having thoroughly reviewed the Motion to Dismiss, the briefs filed in support of and in opposition to the Motion to Dismiss, the oral arguments of counsel, and other appropriate matters of record, concludes that the Motion to Dismiss should be DENIED for the reasons set forth below, and ORDERS that Sammy E. Sasser, Robert L. Crenshaw, and Justin L. Thorn should be added to this action as Counterclaim Defendants.

In addition, THE COURT, having thoroughly reviewed the Motion for Judgment, the briefs filed in support of and in opposition to the Motion for Judgment, the oral arguments of counsel, and other appropriate matters of record, concludes, that the Motion for Judgment should be DENIED for the reasons set forth below.

*Brooks, Pierce, McLendon, Humphrey & Leonard LLP by Gary S. Parsons, Eric M. David, and Shepard D. O'Connell for Plaintiffs Construction Managers, Inc. of Goldsboro, Construction Managers, LLC, ACTS Contracting, Inc., and ACTS Investments, LLC.*

*Ellis & Winters, LLP by Jonathan D. Sasser and Michelle Liguori for Defendant Kevin D. Amory.*

McGuire, Judge.

## I.   FACTS AND PROCEDURAL BACKGROUND

1.      The factual and procedural background of this matter has been set out in the Court's prior orders, most recently in the Court's Order and Opinion on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint. (ECF No. 101.) The Court sets forth herein only those additional facts necessary for disposition of the Motion.

2.      Kevin Amory is a current shareholder and former employee of ACTSC. Plaintiffs filed an Amended Complaint on November 14, 2018 stating claims against Amory for misappropriation of trade secrets, breach of fiduciary duty, constructive fraud, fraud, violation of N.C.G.S. § 75-1.1, computer trespass, and punitive damages. ("Amended Complaint", ECF No. 78.)

3.      On June 13, 2019, Amory filed "Affirmative Defenses, Answer to Amended Complaint, Counterclaims, and Third-Party Claims." ("Answer", ECF No. 105.) In the Answer, Amory makes what he titles as "Counterclaims and Third-Party Claims"[1] against ACTSC and the Individual Defendants for judicial dissolution. (*Id.* at Counterclaims ("CC"), pp. 13–24.) The Individual Defendants are the other shareholders in, and are each officers of, ACTSC.[2] Amory seeks dissolution of ACTSC pursuant to N.C.G.S. § 55-14-30(2)(ii) on the grounds that Individual Defendants have frustrated his reasonable expectations by, *inter alia*, terminating Amory's employment, failing to pay him distributions, and improperly diverting ACTSC's funds and assets to themselves. (ECF No. 105 at CC, ¶¶ 42–47.) Amory also seeks dissolution of ACTSC pursuant to N.C.G.S. § 55-14-30(2)(iv) on the grounds that the Individual Defendants have "misapplied and wasted assets of [ACTSC] by diverting assets of [ACTSC] to themselves and other entities they own." (*Id.* at CC, ¶¶ 48–51.)

---

[1] Amory apparently believed the claims against Defendant ACTSC to be counterclaims and refers to ACTSC as a "Counterclaim Defendant" in the caption to its Answer, and the claims against the Individual Defendants to be third-party claims and refers to the Individual Defendants as "Third-Party Defendants" in the caption.

[2] Sasser and Thorn are also the directors of ACTSC. (ECF No. 105 at CC, ¶ 34.)

Amory also brings a claim against the Individual Defendants for alleged breaches of fiduciary duty based on the same conduct. (*Id.* at CC, ¶¶ 52–59.)

4.    On July 10, 2019, ACTSC and Individual Defendants filed an Amended Answer to Amory's counterclaims. ("Amended Answer", ECF No. 115.) In its Amended Answer, ACTSC "admits that it is reasonably necessary for the protection of the rights or interests of all shareholders, including Amory, for the Court to order dissolution of ACTS[C] pursuant to N.C.[G.S.] § 55-14-30(2)(ii), and that ACTS[C] consents to the dissolution." (*Id.* at ¶ 47.) In the prayer for judgment, ACTSC asks the Court to dissolve ACTSC under section 55-14-30(2)(ii). (*Id.* at p. 8.)

5.    On July 8, 2019, Individual Defendants filed the Motion to Dismiss, and Brief in Support of Motion to Dismiss. (Br. in Supp. Mot. Dism., ECF No. 113). On July 31, 2019, Amory filed a Response, (ECF No. 117), and Individual Defendants filed a Reply on August 9, 2019 (ECF No. 120).

6.    On August 1, 2019, ACTSC filed the Motion for Judgment, and a Brief in Support of Motion for Judgment on the Pleadings. (Br. Supp. Mot. Judgment, ECF No. 119.) On August 26, 2019, Amory filed a Response, (ECF No. 124), and ACTSC filed a Reply on August 30, 2019 (ECF No. 125).

7.    A hearing on the Motions was held on September 5, 2019, and the Motions are now ripe for decision. The Court will discuss and decide the Motion to Dismiss first, followed by the Motion for Judgment.

II.  ANALYSIS

**Motion to Dismiss**

*A.  Rule 12(b)(6) Standard of Review*

8.  When ruling on a Rule 12(b)(6) motion to dismiss, the Court must determine "whether the complaint, when liberally construed, states a claim upon which relief can be granted on any theory." *Benton v. W. H. Weaver Constr. Co.*, 28 N.C. App. 91, 95, 220 S.E.2d 417, 420 (1975).  "It is well established that dismissal pursuant to Rule 12(b)(6) is proper when '(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.'" *Corwin v. British Am. Tobacco PLC*, 371 N.C. 605, 615, 821 S.E.2d 729, 736–37 (2018) (quoting *Wood v. Guilford County*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)).

9.  In deciding a motion to dismiss, the court must construe the complaint liberally and accept all well-pleaded allegations as true.  *Laster v. Francis*, 199 N.C. App. 572, 577, 681 S.E.2d 858, 862 (2009).  The court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274, 620 S.E.2d 873, 880 (2005) (citation and quotations omitted).

*B. Individual Defendants are not properly brought into this lawsuit under Rule 14(a).*

10. Individual Defendants move pursuant to North Carolina Rules of Civil Procedure 12(b)(6) and 14(a) (hereinafter "Rules") to dismiss the claims alleged against them by Amory. (ECF No. 112.) Individual Defendants contend that the claims against them are improper under Rule 14(a) because "Amory has not attempted to pass any of the liability asserted by Plaintiffs against Amory on to Third-Party Defendants." (ECF No. 113, at p. 4.)

11. Pursuant to Rule 14 of the North Carolina Rule of Civil Procedure:

> At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him . . . The person served with the summons and third-party complaint [is thereafter] called the third-party defendant[.]

N.C.G.S. § 1A-1, Rule 14(a).

12. The Court agrees with the Individual Defendants' argument that Rule 14(a) is an improper means of adding Individual Defendants to this action. Amory has not alleged that any of the Individual Defendants are or may be liable to Amory for Plaintiffs' claims against Amory. (*See* ECF No. 105 at CC, ¶¶ 1–59.) Rather, Amory's counterclaims seek relief from the Individual Defendants on claims that are independent from Plaintiffs' claims against Amory. Therefore, to the extent, if any, that Amory sought to use Rule 14(a) as a means of bringing Individual Defendants into this action, addition of Individual Defendants is improper.

13.    In his Response, Amory contends that he is not attempting to add Individual Defendants as third-party defendants under Rule 14(a), but instead as counterclaim defendants under Rule 13(h).  (ECF No. 117, at pp. 4–6.)  Pursuant to Rule 13(h) of the North Carolina Rule of Civil Procedure:

> Additional parties may be brought in. — When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or crossclaim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained.

N.C.G.S. § 1A-1, Rule 13(h).

14.    Rule 13(h) effectively requires a counterclaimant to establish two elements to add parties to a lawsuit as counterclaim defendants: (1) that the purported counterclaim defendants are required for granting complete relief of a properly pleaded counterclaim or crossclaim and (2) that the court can obtain jurisdiction over the purported counterclaim or crossclaim defendant. *Id.*  Here, Individual Defendants do not contend that the Court does not have personal jurisdiction over them.

15.    In their Reply, Individual Defendants contend that they are not properly joined as counterclaim defendants under Rule 13(h) because (a) Amory incorrectly referred to them as third-party defendants instead of counterclaim defendants in his Answer, (b) Amory did not make a motion to add the Individual Defendants as defendants under Rule 13(h), and (c) they are not indispensable or necessary parties to Amory's dissolution claim against ACTSC.  (ECF No. 120, at pp. 1–5.)

*C. Amory's mischaracterization of Individual Defendants as Third-Party Defendants does not warrant dismissal of his claims.*

16.     Individual Defendants argue that Amory's purported Rule 13(h) joinder in his Answer is defective because in the Answer he purports to bring "Third-Party Claims" and he refers to the Individual Defendants in the caption as "Third-Party Defendants" and not "Counterclaim Defendants." (ECF No. 120, at p. 2.) Amory contends that this argument "elevates form over substance," and should be disregarded because the Individual Defendants are properly added as parties on Amory's counterclaims. (ECF No. 117, at p. 7.)

17.     The Court is persuaded by Amory's argument. "North Carolina is a notice pleading jurisdiction, and as a general rule, there is no particular formulation that must be included in a complaint or filing in order to invoke jurisdiction or provide notice of the subject of the suit to the opposing party." *Mangum v. Raleigh Bd. of Adjustment*, 362 N.C. 640, 644, 669 S.E.2d 279, 283 (2008). "To deny a party his day in court because of his 'imprecision with the pen' would . . . run contrary to notions of fundamental fairness." *Id.* (citation omitted). Here, in the Court's view, dismissing Amory's claims for failure to style them in a particular way in his caption and pleading would indeed run contrary to notions of fundamental fairness. As "third-parties"—those who were not parties to the original lawsuit—Individual Defendants were put on notice of the subject matter of the claims against them, regardless of how they were referenced in Amory's pleading.

*D. Amory's failure to file a motion under Rule 13(h) is not fatal to his counterclaims.*

18. Individual Defendants next argue that adding them as parties under Rule 13(h) is improper because Amory did not make a motion for their addition. (ECF No. 120, at p. 2 n.2.) Individual Defendants claim that "Rule 13(h) is clear that a motion is required" because "the rule specifically states that the court must 'order' joinder." (*Id.*) Individual Defendants do not cite any appellate authority in support of this claim, but instead rely on a commentator who states that "[A]n application for the addition of defendants under Rule 13(h) *should* be made by a motion setting out facts showing the grounds for the motion and a notice of the hearing should be served on the opposing parties." (*Id.* (emphasis added); quoting Alan D. Woodlief Jr., *Shuford North Carolina Civil Practice & Procedure* § 13:9 (6th ed.).)

19. In assessing Individual Defendants' argument, the Court turns first to the plain language of Rule 13(h). Strictly speaking, Rule 13(h) does not contain an express requirement that a motion be filed to add parties under Rule 13(h). The language of Rule 13(h) only states that when such parties are required to be brought in, "the court shall order them to be brought in as defendants." This language suggests that the Court can order that parties be joined under Rule 13(h), with or without a motion, if it determines the parties are necessary for full resolution of a counterclaim.

20. The Court has carefully considered the plain language of Rule 13(h) and the absence of appellate support for Individual Defendants' position. In addition, the Court notes that even the commentator cited by Individual Defendants does not state

that a motion is *required* under Rule 13(h). The Court concludes that under these facts, Amory's failure to make a motion pursuant to Rule 13(h) is not fatal to Amory's attempt to add the Individual Defendants as counterclaim defendants in this case. Individual Defendants are on notice of the specific claims and allegations against them, and the Motion to Dismiss places the issue of whether Individual Defendants are proper counterclaim defendants squarely before the Court. Accordingly, the Court will treat Amory's assertion of the counterclaims against the Individual Defendants in the Amended Complaint as Amory's motion pursuant to Rule 13(h).

> E. *The Individual Defendants are required parties for complete relief under Amory's claim for dissolution.*

21. Individual Defendants next argue that they "are not indispensable or necessary parties to obtain relief" from Amory's claim for judicial dissolution within the meaning of Rule 13(h). (ECF No. 120, at p. 4.) They further contend that since N.C.G.S. § 55-14-31(b) provides "[i]t is not necessary to make shareholders parties to a proceeding to dissolve a corporation," that they cannot be added as counterclaim defendants necessary to Amory's claim for dissolution. (*Id.* at p. 4.)

22. Amory contends that the Individual Defendants are required parties under Rule 13(h) because their addition is necessary "for the granting of complete relief" on Amory's counterclaims for dissolution. (ECF No. 117, at p. 5.) Amory argues that "[t]o get complete relief for these claims, [Individual Defendants] must return the funds that they wrongfully received from ACTS[C]." (*Id.*)

23. The Court believes that Individual Defendants misinterpret the statute and the nature of Amory's counterclaims. While section 55-14-31(b) makes clear that

a shareholder seeking judicial dissolution need not make the other shareholders in the corporation parties to the action, it does not prohibit him from making them parties. In this case, Amory alleges, and seeks judicial dissolution, on the grounds that his reasonable expectations as a shareholder have been frustrated by, *inter alia*, Individual Defendants' breaches of fiduciary duties resulting in the improper diversion of assets from ACTSC to themselves and, consequently, a waste of corporate assets. (ECF No. 105 at CC, ¶¶ 37, 38, 42–51.) Determination of Amory's claims for judicial dissolution will require inquiry into whether the Individual Defendants' conduct resulted in the diminution of the value of ACTSC, and a fair dissolution of ACTSC may involve determining whether Individual Defendants should be required to return certain assets to ACTSC. The Court concludes that Amory can make Individual Defendants parties to his counterclaims for dissolution, and that the Individual Defendants' presence in this case is "required for the granting of complete relief." N.C.G.S. § 1A-1, Rule 13(h).

> F. *Amory's claim for breach of fiduciary duty is properly brought with his counterclaims.*

24. Finally, Amory also makes a claim against Individual Defendants for breach of fiduciary duty and seeks compensatory and punitive damages. (ECF No. 105, at ¶¶ 52–59.) Individual Defendants argue that Amory's breach of fiduciary duty claim is improper under Rule 13(h) because the claim was not also asserted against an existing party to the action. (ECF No. 120, at p. 4.) Individual Defendants claim "[t]he North Carolina Court of Appeals has confirmed that joinder under Rule 13(h) is only appropriate if a new party is being joined with an existing party in a

counterclaim or cross-claim <u>that lies against both the new and existing parties.</u>" (*Id.* at p. 3; (emphasis in original) (citing *Davis Lake Cmty. Ass'n, Inc. v. Feldmann*, 138 N.C. App. 322, 323, 530 S.E.2d 870, 871 (2000).) Consequently, Individual Defendants contend that since there is no counterclaim for breach of fiduciary duty asserted against ACTSC or the other Plaintiffs in the case, Amory cannot bring a counterclaim for breach of fiduciary duty against Individual Defendants. (*Id.* at p. 4.)

25. Amory contends that because Individual Defendants are properly joined under Rule 13(h) on his dissolution claim against ACTSC, Amory is entitled to allege his claim for breach of fiduciary duty against Individual Defendants pursuant to Rule 18(a). (ECF No. 117, at p. 6.) Rule 18(a) provides as follows:

> Joinder of claims. – A party asserting a claim for relief as an original claim, counterclaim, cross claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party.

N.C.G.S. § 1A-1, Rule 18. Amory argues that "when a defendant adds a [ ] counterclaim defendant, he may assert any claims he has against the [ ] counterclaim defendant, including independent and alternative claims." (ECF No. 117, at pp. 4–5.)

26. The Court is not persuaded that a counterclaim can only be raised against a new party if it also is brought against an existing party to the action. A review of *Davis Lake* reveals that it does not stand for the proposition Individual Defendants claim and does not supports their argument. In *Davis Lake*, the plaintiff

sued defendants for unpaid homeowners' dues. 138 N.C. App. at 323, 530 S.E.2d at 870. The defendants filed counterclaims against the plaintiff and its attorneys. *Id.* at 323, 530 S.E.2d at 870–871. The trial court subsequently dismissed the counterclaims with prejudice as to both the plaintiff and its attorneys. *Id.* at 323, 530 S.E.2d at 871. The defendants later attempted to make the same counterclaims against the plaintiff's attorneys that already had been dismissed by filing a motion under Rule 13(h) to join them as a party. *Id.* The trial court denied the Rule 13(h) motion, and imposed sanctions against the defendants' attorneys based upon the fact that the counterclaims had already been dismissed and were thus barred by *res judicata. Id.*

27. In *Davis Lake*, the Court of Appeals affirmed the trial court's imposition of sanctions against the defendants' attorneys for filing a motion "asserted for an improper purpose [and] not warranted by existing law." *Id.* In reaching its conclusion that the motion was improper, the Court held:

> Under the plain wording of [Rule 13(h)], a counterclaim must first exist, thereby making joinder necessary. Here there was no such counterclaim, as *all counterclaims were dismissed* in the court's 16 October 1998 order.

*Id.* (emphasis added).

28. In *Davis Lake*, the Court merely held that there must be a counterclaim asserted against an existing party in order to join another party under Rule 13(h). There was no counterclaim against an existing party because the counterclaim against the plaintiff already had been dismissed with prejudice. The Court did not hold that the only counterclaims that can be asserted against a party joined under

Rule 13(h) are counterclaims that are also asserted against an existing party. In this case, Individual Defendants do not argue that Amory's counterclaims against ACTSC for dissolution should be dismissed. Moreover, the Court already has concluded that the Individual Defendants are properly added as parties to the counterclaims for judicial dissolution.

29. On the other hand, Rule 18(a) appears to allow counterclaimants to bring any and all claims that they may have against a properly joined counterclaim defendant. The Court has found no North Carolina authority dealing squarely with the issue of Rule 18(a) being used as a basis for asserting additional claims against a party properly joined pursuant to Rule 13(h). However, the North Carolina Court of Appeals has held that once a third-party defendant is properly joined on a claim for indemnity under Rule 14(a), the third-party plaintiff is not relegated to asserting only claims for derivative liability against the third-party defendant, and pursuant to Rule 18(a) may bring direct claims against the third-party defendant. *See Duke Energy Carolinas, LLC v. Bruton Cable Serv.*, 233 N.C. App. 468, 476, 756 S.E.2d 863, 868 (2014).

30. Fundamentally, Rule 14(a) and Rule 13(h) are both used to bring non-parties into an ongoing lawsuit. The Court does not believe that our appellate courts would treat the interplay between Rule 18(a) and Rule 13(h) any differently than between Rule 18(a) and Rule 14(a). Therefore, the Court finds that because Individual Defendants could be properly joined under Rule 13(h) with respect to Amory's dissolution claim against ACTSC, Amory could maintain an independent

claim for breach of fiduciary duty against Individual Defendants pursuant to Rule 18(a).

31.     Therefore, the Motion to Dismiss should be DENIED, and the Individual Defendants should be added as Counterclaim Defendants under Rule 13(h).

**Motion for Judgment**

32.     In the Motion for Judgment, ACTSC seeks "judgment on the pleadings in favor of Counterclaim Plaintiff Kevin Amory on his first claim for relief (dissolution under N.C.[G.S.] § 55-14-30(2)(ii))" and an order "[d]ismissing all other claims asserted against ACTS[C] as moot." (ECF No. 118, at pp. 1–2.)

*G. Rule 12(c) standard of review*

33.     On a Rule 12(c) motion for judgment on the pleadings

> [t]he trial court may consider only the pleadings and exhibits which are attached and incorporated into the pleadings . . . . No evidence is to be heard, and the trial judge is not to consider statements of fact in the briefs of the parties or the testimony of allegations by the parties in different proceedings.

*Davis v. Durham Mental Health/Dev. Disabilities/Subst. Abuse Area Auth.*, 165 N.C. App. 100, 104, 598 S.E.2d 237, 240 (2004) (internal quotations and citations omitted). "The purpose of Rule 12(c) is to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit. Judgment on the pleadings is proper when all of the material issues of fact are admitted in the pleadings, and only questions of law remain." *Coker v. DaimlerChrysler Corp.*, 172 N.C. App. 386, 390, 617 S.E.2d 306, 309 (2005) (quoting *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974)) (internal quotations and citations omitted). "When the

pleadings do not resolve *all the factual issues*, judgment on the pleadings is generally inappropriate." *Steeves v. Scot. Cty. Bd. of Health*, 152 N.C. App. 400, 405, 567 S.E.2d 817, 820 (2002) (emphasis added).

> ### H. *Judgment under Rule 12(c) is not warranted because the material facts are in dispute.*

34.     ACTSC contends that by pleading that "dissolution is necessary for the protection of the rights or interests of all of the shareholders" that it has "admitted the material allegations necessary to allow the Court to order dissolution [of ACTSC] under [N.C.G.S.] § 55-14-30(2)(ii)," and "consented to dissolution." (ECF No. 119, at p. 2.)

35.     ACTSC's argument bears little discussion. Section 55-14-33(a) provides that "[i]f after a hearing the court determines that one or more grounds for judicial dissolution described in G.S. 55-14-30 exist, it may enter a decree dissolving the corporation . . . ." To establish grounds for judicial dissolution under N.C.G.S. § 55-14-30(2)(ii), the moving shareholder must prove, and the Court must find, that (1) he had reasonable expectations from the corporation that were known to the other shareholders; (2) those expectations have been frustrated; (3) the frustration was not the fault of the complaining shareholder and was beyond his control; and (4) under the circumstances, the court should exercise its equitable power to dissolve the corporation. *Meiselman v. Meiselman*, 309 N.C. 279, 301, 307 S.E.2d 551, 564 (1983).

36.     ACTSC's limited and tactical admission that ACTSC should be dissolved for the benefit of all the shareholders does not arguably provide grounds for this Court

to enter judgment in Amory's favor on the first counterclaim and order dissolution, let alone dismiss his other claims. In order to grant a Rule 12(c) motion, the Court must conclude that *all of the material factual allegations* are resolved by the pleadings. *Steeves*, 152 N.C. App. at 405, 567 S.E.2d at 820. Here, in the Amended Answer, ACTSC denies each and every allegation in Amory's counterclaims supporting his request for dissolution based on frustration of his expectations as a shareholder. These allegations include his specific expectations as a shareholder in ACTSC, that Individual Defendants knew of Amory's expectations, and that the Individual Defendants frustrated Amory's expectations. (ECF No. 115, at e.g., ¶¶ 27, 29–32, 35, 37, 38, 43–46.) Effectively, all of the facts necessary for the Court to conclude judicial dissolution is appropriate under section 55-14-30(2)(ii) are disputed.

37.     Accordingly, the Motion for Judgment should be DENIED.

THEREFORE, it is ORDERED as follows:

1.  The Motion to Dismiss is DENIED.

2. Pursuant to Rule 13(h), Sammy E. Sasser, Robert L. Crenshaw, and Justin L. Thorn are added to this action as Counterclaim Defendants, and all future documents filed with this Court shall refer to them as such in the caption.

3. The Motion for Judgment is DENIED.

SO ORDERED, This the 14th day of October, 2019.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge for
Complex Business Cases